Filed 8/5/21  In re K.B. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re K.B., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>COREY B.,<br><br>    Defendant and Appellant. | G059888<br><br>(Super. Ct. No. 20DP1152)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Dennis J. Keough, Judge.  Affirmed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Jeannie Su, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

## INTRODUCTION

Corey B. appeals from a jurisdiction and disposition order regarding his daughter, K.B., which assumed jurisdiction over her and gave custody to her mother, Audrina P., under supervision of Orange County Social Services Agency (SSA). The jurisdiction/disposition order removed K.B. from Corey's custody and provided only monitored visitation for him.

The basis of the court's order was its finding that Corey was sexually abusing K.B. Corey denied any abuse and contended that these accusations arose from an ongoing family law custody dispute between him and Audrina.

We are a reviewing court, charged with correcting any legal errors that may have occurred in the lower courts. We cannot make findings of fact, and we do not evaluate credibility. Those tasks are entrusted to the juvenile court. We can reverse a finding of fact only if no evidence (or if only a mere scintilla of evidence) supports it. And we are bound by the juvenile court's decision of whom to believe.

In this case, the juvenile court listened to the evidence – all of it – and decided it believed K.B.'s reports of abuse. This is not to say the evidence was undisputed; it was not. But after listening to the witnesses and evaluating SSA's reports, the court made its call. Sufficient evidence supports the court's decision, and we cannot, with only a paper record before us, override the juvenile court's decisions regarding reliability.

## FACTS

K.B. was born in June 2016. Corey and Audrina married in November 2016, but separated less than a year later. They were divorced in 2019. For visitation, Corey had K.B. for 24 hours on Wednesday/Thursday and every other weekend. Audrina had K.B. the rest of the time.

It is not necessary to recount every incident of alleged sexual abuse. Over the span of about two years, from the time she was about fifteen months until she was

2

four, K.B. repeatedly told her mother that Corey was at first touching her on her "privates" or her "pee pee" and then digitally penetrating her vagina and anus (in age-appropriate language). Corey denied any such activity, and repeated medical examinations revealed no physical evidence of abuse. Each of the reported incidents of abuse up to April 2020 was determined to be either unfounded or inconclusive.

In August 2020, SSA and the Costa Mesa Police Department became involved after K.B. reported anal penetration to Audrina. A medical examination produced no evidence of injury.

A protective custody warrant was issued on September 4, 2020, and a petition was filed on September 10. K.B. was placed with her maternal grandparents.

The petition as amended after the jurisdiction hearing stated that K.B. reported two specific instances of penetration in August 2020 and that Corey had sexually abused her during a monitored visit on November 22, 2020, "as described by Penal Code section 11165.1."[1]

K.B.'s therapist, Dr. Thea Reinhart, whom she began seeing in September 2020, told SSA in October that she believed abuse had occurred, because K.B. was "'acting out,'" i.e., demonstrating her father's conduct. The therapist opined that monitored visits should continue because K.B. wanted to spend time with Corey. In

---

[1] Penal Code section 11165.1 provides in pertinent part, "As used in this article, 'sexual abuse' means sexual assault or sexual exploitation as defined by the following: [¶] (a) 'Sexual assault' means conduct in violation of one or more of the following sections: Section 261 (rape), subdivision (d) of Section 261.5 (statutory rape), Section 264.1 (rape in concert), Section 285 (incest), Section 286 (sodomy), Section 287 or former Section 288a (oral copulation), subdivision (a) or (b) of, or paragraph (1) of subdivision (c) of, Section 288 (lewd or lascivious acts upon a child), Section 289 (sexual penetration), or Section 647.6 (child molestation). . . . [¶] (b) Conduct described as 'sexual assault' includes, but is not limited to, all of the following: [¶] (1) Penetration, however slight, of the vagina or anal opening of one person by the penis of another person, whether or not there is the emission of semen. [¶] (2) Sexual contact between the genitals or anal opening of one person and the mouth or tongue of another person. [¶] (3) Intrusion by one person into the genitals or anal opening of another person, including the use of an object for this purpose, except that, it does not include acts performed for a valid medical purpose. [¶] (4) The intentional touching of the genitals or intimate parts, including the breasts, genital area, groin, inner thighs, and buttocks, or the clothing covering them, of a child, or of the perpetrator by a child, for purposes of sexual arousal or gratification, except that it does not include acts which may reasonably be construed to be normal caretaker responsibilities; interactions with, or demonstrations of affection for, the child; or acts performed for a valid medical purpose. [¶] (5) The intentional masturbation of the perpetrator's genitals in the presence of a child."

3

December, Reinhart spoke to SSA about the November 22 incident. The therapist evidently did not question K.B.'s accuracy in describing what happened. She also spoke about her first session with K.B., during which she played with two dollhouses. K.B. put dinosaurs around one house "'as if some sort of protection'" and then checked all the female dolls to be sure they were wearing underwear. During a later session, K.B. drew a picture of Corey, then crushed it, stomped on it, and threw it in the trash.

A second therapist, Dr. Carey, who began seeing K.B. on November 30, 2020, in connection with the dependency case, reported that K.B. had a very strong negative reaction to seeing a naked doll.

The jurisdiction/disposition hearing took place on January 26, 27, and 28, 2021. After reading SSA's reports and listening to the witnesses' testimony, the court found that K.B.'s reports of abuse had the necessary indicia of reliability to qualify as evidence to sustain the allegations of the petition. The court assumed jurisdiction over K.B., gave custody of her to Audrina, and restricted Corey to monitored visitation.[2] The petition was amended to include a finding that Corey had sexually abused K.B. "as described by Penal Code section 11165.1."

## DISCUSSION

The juvenile court sustained the allegations of the amended petition as to Welfare & Institutions Code section 300, subdivisions (b) [failure to protect] and (d) [sexual abuse or substantial risk of sexual abuse]. "The standard of review in juvenile dependency cases is the same as in other appeals on grounds of insufficiency of the evidence. We review the record to determine whether there is any substantial evidence, contradicted or not, which supports the court's conclusions." (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1649.)

---

[2] The court specified a monitor provided by or approved by SSA because a monitor chosen by Corey, who was a friend of his, had deliberately violated the visitation conditions on November 22 and then lied about doing so to SSA.

"'The term "substantial evidence" means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value. [Citation.]' [Citation.] 'In making this determination, all conflicts are to be resolved in favor of the prevailing party, and issues of fact and credibility are questions for the trier of fact. [Citation.] In dependency proceedings, a trial court's determination will not be disturbed unless it exceeds the bounds of reason. [Citation.]' [Citation.]" (*In re E.B.* (2010) 184 Cal.App.4th 568, 574-575, overruled on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989; see also *In re I.J.* (2013) 56 Cal.4th 766, 773.)

Because we cannot see or hear the witnesses, the law puts limits on our review. As a reviewing court we are not allowed to evaluate credibility. That is the function of the juvenile court, and we are bound by the lower court's findings. (See *In re T.W.* (2013) 214 Cal.App.4th 1154, 1161-1162; *In re Heather A.* (1996) 52 Cal.App.4th 183, 193 [issue of credibility for the trial court].)

In the face of conflicting evidence, the juvenile court believed K.B.'s frequent and consistent statements that she was being abused. When coupled with the therapists' reports and the reports of family members who observed her making these statements, the court had sufficient evidence to support the jurisdiction order.

The court specifically found that Audrina was not coaching K.B. This is another evidentiary and credibility finding that we may not disturb.[3]

Corey also argues that there is no evidence that he violated Penal Code section 11165.1 because there was no evidence that he touched K.B. "for purposes of sexual arousal or gratification[.]" (Pen. Code, § 11165.1, subd. (b)(4).)

---

[3] Corey repeatedly contends that the abuse accusations are part of a campaign by Audrina to "remove him from K.B.'s life." Audrina has stated that she wants Corey to be a part of K.B.'s life, but she also wants her daughter to be safe. Audrina did not oppose monitored visitation for Corey.

One of the statutes listed in Penal Code section 11165.1, subdivision (a), as defining "sexual assault" is Penal Code section 647.6, which makes "annoying" or "molesting" a child under 18 years old a misdemeanor. "The words 'annoy' and 'molest' are synonymous and 'refer to conduct designed "to disturb or irritate, esp[ecially] by continued or repeated acts" or "to offend" [citation]; and as used in this statute, they ordinarily relate to "offenses against children, [with] a connotation of abnormal sexual motivation on the part of the offender." [Citation.] [¶] Ordinarily, the annoyance or molestation which is forbidden is "not concerned with the state of mind of the child" but it is "the objectionable acts of defendant which constitute the offense," and if his conduct is "so lewd or obscene that the normal person would unhesitatingly be irritated by it, such conduct would 'annoy or molest' within the purview of" the statute. [Citation.]' [Citation.].) The primary purpose of section 647.6 'is the "protection of children from interference by sexual offenders . . . ." [Citations.]' [Citation.] 'The deciding factor for purposes of a Penal Code 647.6 charge is that the defendant has engaged in offensive or annoying sexually motivated *conduct* which invades a child's privacy and security, conduct which the government has a substantial interest in preventing . . . .' [Citation.] '[T]here can be no normal sexual interest in any child and it is the sexual interest in the child that is the focus of the statute's intent.' [Citation.]" (*In re D.G.* (2012) 208 Cal.App.4th 1562, 1571.)

Penal Code section 647.6 does not include sexual arousal or gratification as a specific element of the crime. We think digitally penetrating a four-year-old's anus is conduct "so lewd or obscene" that it would irritate a normal person and that this conduct "invades a child's privacy and security." That is what K.B. reported, and that is what the juvenile court believed happened.

In addition, Penal Code section 11165.1, subdivision (b)(3), to the extent it describes an offense different from those listed in subdivision (a), does not include sexual arousal or gratification as an element of the crime. This is the code section specifically

cited by the court during its ruling. Corey's conduct would also qualify under that subdivision.

## DISPOSITION

The jurisdiction/disposition order of January 28, 2012, is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


7